THE STATE OF NEW JERSEY, EX REL. JOSEPH WALTON, RELATOR, v. WILLIAM BRINDLE, RESPONDENT.

Submitted October term, 1930—Decided April 27, 1931.

Before Justices CASE, DALY and DONGES.

For the relator, *Charles F. Black.*

For the respondent, *Breslin & Breslin (John J. Breslin, Jr.,* on the brief).

PER CURIAM.

The case is before us on an information in the nature of a writ of *quo warranto* filed by Joseph Walton, relator, and

directed to William Brindle, respondent, to test the right of the latter to the office of borough clerk of the borough of Oakland, in the county of Bergen. The respondent was elected a councilman of the borough of Oakland at the general election in November, 1927, for a term of three years, commencing January 1st, 1928, and expiring December 31st, 1930. On April 22d, 1930, Brindle resigned as councilman and was forthwith nominated to the office of borough clerk of the borough of Oakland by the mayor of that borough and confirmed by the council. The appointment was to fill out the unexpired term of the deceased former incumbent.

The Borough act (1 *Cum. Supp. Comp. Stat., p.* 168, § 1) provides that "the mayor shall nominate and, with the advice and consent of the council, shall appoint all officers in this act directed to be appointed, including the filling of vacancies in elective offices; provided, the said mayor shall make such nomination within thirty days after said office or offices become vacant. If the mayor fails to appoint within said thirty days, and the council shall fail to confirm any appointment made by the mayor, then after the expiration of said thirty days the said council of the borough shall appoint all officers in this act directed to be appointed, including the filling of vacancies of elective offices, whether caused by death, resignation or expiration of said office." Section 3 of the Borough act provides that "in addition to the officers to be elected there shall be appointed a clerk * * *." The provision of the statute, therefore, is that the members of the borough council advise and consent to an appointment made within thirty days after a vacancy in the office to be filled and for the complete power of appointment beyond the thirty-day period. The Municipalities act (2 *Cum. Supp. Comp. Stat., p.* 2343, *ch.* 37, § 23) provides that "no member of any governing body of any municipailty shall, during the term for which he shall have been elected or appointed such member, be eligible for election or appointment to any office required to be filled by any such governing body of which he is such member * * *." We construe the office of borough clerk to be one an appointment to which

was prohibited to Brindle during the period of the term of which he was elected a member of the council.

Three arguments are advanced in behalf of the respondent.

The first is that the relator cannot succeed because he himself has no legal title to the office. The proceeding is under section 1 of the act relating to informations in the nature of a *quo warranto*. 3 *Comp. Stat., p.* 4210. The point has been decided adversely to the respondent's contention in *Bonynge* v. *Frank,* 89 *N. J. L.* 239.

The second point is that the relator is in laches, which, under all the circumstances, we do not think he is.

. The final point is that the relator is not acting in good faith, which, however, is without supporting evidence and cannot be presumed. The relator was a resident and taxpayer in the borough.

Judgment of ouster will be rendered, with costs.